Matter of Nehemiah B. (Christina B.) (2018 NY Slip Op 02711)





Matter of Nehemiah B. (Christina B.)


2018 NY Slip Op 02711


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Oing, Singh, JJ.


6327

[*1]In re Nehemiah B., and Another, Dependent Children Under the Age of Eighteen, etc., Christina B., Respondent-Appellant, The Children's Aid Society, Petitioner-Respondent.


Neal D. Futerfas, White Plains, for appellant.
Rosin Steinhagen Mendel, New York (Douglas H. Reiniger of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the children.



Order, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about March 28, 2017, which denied respondent mother's motion to vacate orders of fact-finding and disposition (one for each child), entered upon inquest following her default in appearance, terminating her parental rights to the subject children upon a finding of permanent neglect and freeing the children for adoption, unanimously affirmed, without costs.
Family Court providently exercised its discretion in denying the mother's motion to vacate her default (see Matter of Noah Martin Benjamin L. [Frajon B.], 139 AD3d 593, 593 [1st Dept 2016]), since she failed to demonstrate a reasonable excuse for her absence from the proceeding (see Matter of Serenity Victoria M. [Allison B.], 150 AD3d 486 [1st Dept 2017]; Matter of Lenea'jah F. [Makeba T.S.], 105 AD3d 514, 514-515 [1st Dept 2013]). The mother had been aware, well in advance, of the date scheduled for the afternoon fact-finding hearing, and the agency sent her a prepaid bus ticket scheduled to depart at 11:30 p.m. so that she could travel from Virginia the day before the hearing. The mother, however, advised the agency on that day that she had arranged a job interview in Virginia to be held at 9:00 p.m., and could not make the 11:30 p.m. bus to be in New York to attend the scheduled hearing. The mother did not indicate that she had tried to reschedule the interview for a different day or claim any physical inability or reason beyond her control that prevented her from appearing in court for the scheduled afternoon hearing.
Since the mother failed to demonstrate a reasonable excuse for her default, this Court need not reach the issue of whether she presented a meritorious defense (see Matter of Serenity Victoria M., 150 AD3d at 486; Matter of Lenea'jah F., 105 AD3d at 514). In any event, the mother failed to demonstrate a meritorious defense, having failed to submit an affidavit addressing the agency's showing that she had failed to visit the children consistently and to engage in mental health services, or that she otherwise was presently and for the foreseeable future able to provide proper and adequate care for the subject children (see Social Services Law § 384-b[4][c]).
Termination of the mother's parental rights was in the children's best interests so that they may be freed to be adopted by their current, long-term foster mother, with whom they are well-cared for and have bonded.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK